ELECTRONICALLY FILED
1/25/2019 4:06 PM
36-CV-2019-900008.00
CIRCUIT COURT OF
HALE COUNTY, ALABAMA
CATRINNA LONG PERRY, CLERK

IN THE CIRCUIT COURT OF HALE COUNTY, ALABAMA
CASE NO.: _____

SYLVIA RAY, AS PERSONAL
REPRESENTATIVE OF THE
ESTATE OF PAIGE MITCHELL,
DECEASED,

and

SYLVIA RAY, AS PERSONAL
REPRESENTATIVE OF THE
ESTATE OF KACI MITCHELL,
DECEASED,

      Plaintiffs,

vs.

ESTATE OF BRADLEY ELLIOTT GRAY;
CITY OF MOUNDVILLE;
MOUNDVILLE POLICE DEPARTMENT;

and

No. 1: The correct name of the defendant identified as the Estate of Bradley Elliott Gray, if that defendant has been improperly identified by that name;

No. 2: The personal representative of the defendant identified as the Estate of Bradley Elliott Gray;

No. 3: The administrator ad litem of the defendant identified as the Estate of Bradley Elliott Gray;

No. 4: The correct name of the defendant identified as City of Moundville, if that defendant has been improperly identified by that name;

No. 5: The correct name of the defendant identified as Moundville Police Department, if that defendant has been improperly identified by that name;

Nos. 6 - 10: The persons, officers, employees, agents or representatives of the defendants identified as City of Moundville and Moundville Police Department, who engaged in the conduct described in this complaint.

Plaintiffs aver that the identities of the fictitious party defendants are otherwise unknown to them at this time, or if their names are known, their identities as proper party defendants

are not known to them at this time, and their true names will be substituted by amendment when ascertained.

Defendants.

**COMPLAINT**

1.  Plaintiff Sylvia Ray has been appointed by the Probate Court of Hale County, Alabama, as personal representative of the Estate of Paige Mitchell, Deceased. She brings this case in her capacity as personal representative of that estate.

2.  Plaintiff Sylvia Ray has been appointed by the Probate Court of Hale County, Alabama, as personal representative of the Estate of Kaci Mitchell, Deceased. She brings this case in her capacity as personal representative of that estate.

3.  On the night of January 25, 2017, or the early morning of January 26, 2017, Bradley Elliott Gray killed Paige Mitchell and Kaci Mitchell in Hale County, Alabama.

4.  Gray is now deceased.

5.  Plaintiffs are unaware of anyone who been appointed as personal representative of Gray's estate. Pursuant to § 43-2-250 of the Alabama Code, they request that the Court appoint an administrator ad litem for the defendant identified as the Estate of Bradley Elliott Gray.

6.  Defendant City of Moundville is a municipal corporation located in Hale County Alabama.

7.  Defendant Moundville Police Department is an agency or division of the City of Moundville and is responsible for all law enforcement matters for the city.

8.  At all times described in this complaint, the department was an agent of the city and was acting on behalf of the city. The city is liable for the department's conduct.

9.  Sometime between July 9, 2015, and July 13, 2015, the department arrested Bradley Elliott Gray on a charge of Domestic Violence – Harassment. The victim of that crime was Paige Mitchell. The warrant number was WR 2015 - 257.

10. At the time of the arrest, the department recovered and confiscated a pistol that Gray had in his possession when he committed the crime.

11. The criminal case against Gray arising from his arrest was in the District Court of Hale County, Alabama, Case No. DC 2015 - 100049. On September 8, 2015, Gray was convicted in that case of the crime of Domestic Violence – Harassment.

12. Under § 13A-11-76 of the Alabama Code, it is illegal for any person to deliver a pistol to anyone that the person has reasonable cause to believe has been convicted of domestic violence. That statute became effective on September 1, 2015, and was in force when Gray was convicted.

13. The pistol that the department confiscated from Gray at the time of his arrest was a "pistol" as that term is defined and used in § 13A-11-76.

14. Sometime after September 8, 2015, after Gray's conviction, the department returned his pistol to him.

15. When the department returned the pistol, it knew or had reasonable cause to believe that Gray had been convicted of domestic violence. Therefore, when it returned the pistol, the department violated § 13A-11-76.

16. When Gray killed Paige and Kaci Mitchell, he did so by shooting them with the pistol that the department had returned to him.

17. The deaths of Paige Mitchell and Kaci Mitchell were proximately caused by the department's failure to comply with § 13A-11-76 and its violation of that law when it returned the pistol to Gray.

18. The department returned the pistol to Gray pursuant to a policy, custom, or practice of the department or the city concerning the disposition of firearms confiscated during arrests.

19. The death of Paige Mitchell was suffered through the neglect, carelessness, or unskillfulness of the agents, officers, and employees of the city, while they were engaged in their work for the city and while they were acting within the line and scope of their duties. Specifically, those agents, officers, and employees did one or more of the following things through neglect, carelessness, or unskillfulness:

(a) They participated in the creation of a policy, custom, or practice of the department or the city concerning the disposition of firearms confiscated during arrests that violated the law;

(b) they ordered, approved, or participated in the return of the pistol to Gray, in violation of the law;

(c) they improperly or inadequately trained or supervised other agents, officers, and employees in the proper disposition of confiscated firearms;

(d) they failed to monitor pending court cases to learn about convictions of people from whom the department had confiscated firearms; or

(e)     they failed to provide notice to other agents, officers, and employees of such convictions so that those agents, officers, and employees could comply with § 13A-11-76.

20.     Danny Ray was originally appointed as personal representative of the two estates. While serving as personal representative, he filed with the city notices for payment of these claims, in full compliance with Alabama law. Those claims were denied.

21.     As the current personal representative of the two estates, plaintiffs are the appropriate persons under Alabama law to make the claims described in this complaint.

## Count I
## Wrongful Death of Paige Mitchell

22.     Plaintiffs incorporate the allegations of paragraphs 1-21 of the complaint.

23.     This claim is brought pursuant to § 6-5-410 of the Alabama Code.

24.     Defendants caused the death of Paige Mitchell through the conduct described in this complaint.

WHEREFORE, plaintiff Sylvia Ray, as Personal Representative of the Estate of Paige Mitchell, Deceased, demands judgment against defendants for damages recoverable for wrongful death under Alabama law, in an amount to be determined by the jury, plus interest and costs.

## Count II
## Wrongful Death of Kaci Mitchell

25.     Plaintiff incorporates the allegations of paragraphs 1-21 of the complaint.

26.     This claim is brought pursuant to § 6-5-391 of the Alabama Code.

27.     The parents of Kaci Mitchell are both deceased, so the personal representative of her estate is the appropriate person to bring an action for wrongful death.

28.     Defendants caused the death of Kaci Mitchell through the conduct described in this complaint.

WHEREFORE, plaintiff Sylvia Ray, as Personal Representative of the Estate of Kaci Mitchell, Deceased, demands judgment against defendants for damages recoverable for wrongful death under Alabama law, in an amount to be determined by the jury, plus interest and costs.

## Count III
## Liability Under 42 U.S.C. § 1983

29.  Plaintiffs incorporate the allegations of paragraphs 1-21 of the complaint.

30.  The department and the city returned the pistol to Gray pursuant to a policy, custom, or practice of the department and the city concerning the return of weapons to criminal defendants at the conclusion of the criminal case.

31.  The policy, custom, or practice of the department and the city, and the conduct of those defendants pursuant to that policy, custom, or practice, deprived Paige Mitchell and Kaci Mitchell of their constitutional rights and resulted in their deaths.

32.  Because of the deaths of Paige Mitchell and Kaci Mitchell, there has been a loss of income that the two of them would have earned during their lifetimes.

33.  The implementation of the policy, custom, or practice of the department and the city, and the conduct of those defendants pursuant to that policy, custom, or practice, were both carried out in such a manner as to warrant an award of punitive damages.

WHEREFORE, plaintiffs demand judgment against the department and the city for for compensatory damages and punitive damages in an amount to be determined by the jury, plus interest and costs.

## Count IV
## Claims Against Fictitious Parties

34.  Plaintiffs incorporate the allegations of paragraphs 1-33 of the complaint.

35.  Plaintiffs assert against Defendant No. 1 the same claims they have asserted against Bradley Elliott Gray, substituting the true name of Defendant No. 1 for Gray.

36.  Plaintiffs assert against Defendant No. 2 the same claims they have asserted against Bradley Elliott Gray, substituting the true name of Defendant No. 2 for Gray.

37.  Plaintiffs assert against Defendant No. 3 the same claims they have asserted against Bradley Elliott Gray, substituting the true name of Defendant No. 3 for Gray.

38.  Plaintiffs assert against Defendant No. 4 the same claims they have asserted against the City of Moundville, substituting the true name of Defendant No. 4 for the city.

39.  Plaintiffs assert against Defendant No. 5 the same claims they have asserted against the Moundville Police Department, substituting the true name of Defendant No. 4 for the department.

40. With respect to Defendants Nos. 6 - 10, plaintiffs allege that these defendants engaged in the conduct attributed in this complaint to the department and the city. Therefore, plaintiffs assert against Defendants Nos. 6 - 10 the same claims they have asserted against the department and the city.

WHEREFORE, plaintiffs demand judgment against Defendants No. 1 - 3 for punitive damages in an amount to be determined by the jury, plus interest and costs, and they demand judgment against Defendants 4 - 10 for compensatory and punitive damages in an amount to be determined by the jury, plus interest and costs.

JOHN E. MCCULLEY

/s/ John E. McCulley
Attorney for Plaintiff (MCC-074)
601 Greensboro Avenue, Suite 200
Tuscaloosa, AL 35401
(205) 345-6773
johnemcculley@gmail.com

MICHAEL S. BURROUGHS

/s/ Michael S. Burroughs
Attorney for Plaintiff (BUR-029)
P.O. Box 1908
Tuscaloosa, AL 35403-1908
(205) 349-5470
mike@michaelburroughs.com

## JURY DEMAND

Plaintiffs request a jury trial on all issues in this case.

/s/ John E. McCulley