IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **SYLVIA RAY, as personal representative of the ESTATES of PAIGE MITCHELL and KACI MITCHELL, deceased,** | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 2:19-cv-00069-MU<br>) |
| **Estate of BRADLEY ELLIOT GRAY, deceased, CITY OF MOUNDVILLE, MOUNDVILLE POLICE DEPARTMENT,** | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

# ANSWER

COMES NOW the Defendant City of Moundville and Answers the Plaintiffs' Complaint against it, averring as follows:

1. This Defendant is without sufficient information on which to form a belief as to the allegations in this Paragraph.

2. This Defendant is without sufficient information on which to form a belief as to the allegations in this Paragraph.

3. Denied.

4. Admitted.

5. The allegations and/or statements contained in this Paragraph do not require a response from this Defendant.

6. Admitted; it is also partially located in Tuscaloosa County.

7. The Moundville Police Department is one of several departments of the City of Moundville.

8. Denied.

9. Admitted.

10. This Defendant is without sufficient information on which to form a belief as to the allegations in this Paragraph.

11. This Defendant is without sufficient information on which to form a belief as to the allegations in this Paragraph.

12. This Paragraph does not contain a factual allegation and therefore no response is required from this Defendant.

13. This Defendant is without sufficient information on which to form a belief as to the allegations in this Paragraph.

14. This Defendant is without sufficient information on which to form a belief as to the allegations in this Paragraph.

15. Denied.

16. This Defendant is without sufficient information on which to form a belief as to the allegations in this Paragraph.

17. Denied.

18. Denied.

19. Denied, and this Defendant also denies sub-Paragraphs (a)-(e).

20. Denied.

21. This Defendant is without sufficient information on which to form a belief as to the allegations in this Paragraph.

### Count I – Wrongful Death of Paige Mitchell

22. This Defendant incorporates its Responses to Paragraphs 1-21 of the Complaint as if fully responded to herein.

23. The allegations of this Paragraph requires no response from this Defendant.

24. Denied.

    This Defendant denies that the Plaintiffs are entitled to any of the relief sought in the "WHEREFORE" Paragraph.

### Count II – Wrongful Death of Kaci Mitchell

25. This Defendant incorporates its Responses to Paragraphs 1-24 of the Complaint as if fully responded to herein.

26. The allegations of this Paragraph require no response from this Defendant.

27. This Defendant is without sufficient information on which to form a belief as to the allegations in this Paragraph.

28. Denied.

    This Defendant denies that the Plaintiffs are entitled to any of the relief sought in the "WHEREFORE" Paragraph.

### Count III – Liability Under 42 U.S.C. § 1983

29. This Defendant incorporates its Responses to Paragraphs 1-28 of the Complaint as if fully responded to herein.

30. Denied.

31. Denied.

32. This Defendant is without sufficient information on which to form a belief as to the allegations in this Paragraph.

33. Denied.

## Count IV – Claims Against Fictitious Parties

34. This Defendant incorporates its Responses to Paragraphs 1-33 of the Complaint as if fully responded to herein.

35. The allegations of this Paragraph require no response from this Defendant.

36. The allegations of this Paragraph require no response from this Defendant.

37. The allegations of this Paragraph require no response from this Defendant.

38. The City of Moundville has been properly identified by its true name in the Plaintiffs' Complaint.

39. The Moundville Police Department has filed a motion to dismiss all claims against it.

40. This Defendant has denied the claims against it, and therefore denies the claims asserted in this Paragraph.

    This Defendant denies that the Plaintiffs are entitled to any of the relief sought in the "WHEREFORE" Paragraph.

## **AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Defendant contests the form and sufficiency of process and of service of process.

3. The Complaint fails to state a claim pursuant to § 11-47-190, Code of Alabama, 1975, as amended ("Code"), upon which relief can be granted.

4. The Plaintiffs have failed to strictly or substantively comply with § 11-47-23 and § 11-47-192, Code.

5. The Defendant pleads all available forms of immunity and privilege, including, but not limited to, substantive immunity, and immunity pursuant to § 11-47-190.

6. The Defendant avails itself of the applicable statutes of limitation.

7. The Defendant avails itself of all privileges and statutory indemnities set forth in § 11-47-191, Code.

8. The Plaintiffs have failed to join necessary and indispensable parties to this lawsuit.

9. The Defendant pleads all forms of estoppel, res judicata, issue preclusion, accord and satisfaction, and set off.

10. The Defendant pleads the doctrine of prior intervening independent causation.

11. The Defendant owed no duty to the Plaintiffs.

12. The Defendant pleads § 6-11-26, Code of Alabama (1975).

13. The Plaintiffs' claims seek an award of damages that exceed the statutory limits.

14. The Complaint fails to state a claim upon which relief can be granted pursuant to COUNT I.

15. The Complaint fails to state a claim upon which relief can be granted pursuant to COUNT II.

16. The Complaint fails to state a claim upon which relief can be granted pursuant to COUNT III.

17. The Complaint fails to state a claim upon which relief can be granted pursuant to COUNT IV.

18. The Defendant is immune from punitive damages in this action.

19. The Defendant pleads lack of any causal connection.

20. The Defendant pleads that any action or inaction of the Defendant City of Moundville alleged in the Complaint was not the proximate cause of any alleged damages.

21. The Defendant pleads superseding, intervening cause.

22. The Defendant pleads the general issue.

23. The Defendant pleads that each and every action (or inaction) taken was taken in the good faith belief that it was legal and lawful at the time so taken.

24. The Complaint fails to state a claim upon which relief can be granted pursuant to the doctrine of respondeat superior.

25. The Defendant reserves the right to amend its Answer and assert additional Affirmative Defenses to the Plaintiff's Complaint during the discovery process.

Respectfully submitted this the 26th day of February 2019

                                              s/ James W. Porter, II
                                              James W. Porter, II
                                              Attorney for Defendants
                                              State Bar ID: ASB3314T79J

                                              s/ R. Warren Kinney
                                              Richard Warren Kinney
                                              Attorney for Defendants
                                              State Bar ID: ASB5682D57K
                                              Southern District Code: KINNR5682

<u>OF COUNSEL</u>:

**Porter, Porter & Hassinger, P.C.**
880 Montclair Road, Ste. 175
Birmingham, AL 35213

T: (205) 322-1744
F: (205) 322-1750
jwporterii@pphlaw.net
wkinney@pphlaw.net

## *CERTIFICATE OF SERVICE*

  I hereby certify that a copy of the above and foregoing has been *electronically filed* with the Clerk of the Court using the CM/ECF system which will send notification of such filing upon the following, on this the 26th day of February, 2019. If Notice of Electronic Filing indicates that Notice should be delivered by other means to any of the following, I certify that a copy will be sent via electronic and/or U.S. Mail.


John E. McCulley
601 Greensboro Ave., Ste. 200
Tuscaloosa, AL 35401
johnemcculley@gmail.com

Michael S. Burroughs
P.O. Box 1908
Tuscaloosa, AL 35403
mike@michaelburroughs.com


       /s/ R. Warren Kinney
       OF COUNSEL