IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **Sylvia RAY**, etc., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. **19-0069-MU** |
| ) | |
| **The Estate of Bradley Elliott GRAY,** ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFFS' RESPONSE AND BRIEF
## TO MOTION BY DEFENDANT CITY OF MOUNDVILLE
## TO DISMISS FICTITIOUS PARTIES AND
## COUNT IV OF THE COMPLAINT

Plaintiffs do not oppose dismissal of fictitious party defendants identified in the complaint as Nos. 1-5; plaintiffs do not oppose striking paragraph Nos. 35 through 39 of the complaint.

Plaintiffs do oppose dismissal of fictitious party defendants Nos. 6-10 and paragraph No. 40 of the complaint, and accordingly, also oppose dismissal of Count IV of the complaint.

### Background

The complaint in this action, originally filed in state court, was removed by defendants City of Moundville and Moundville Police Department. (Doc. 1). The

complaint alleges that Paige Mitchell and Kaci Mitchell were killed by Bradley Gray with a pistol delivered to Gray by the police department in violation of a state statute that relates to individuals convicted of domestic violence. (Doc. 1-1). In its motion, defendant City of Moundville alleges this description is insufficient "to render their names mere surplusage." (Doc. 4, p. 3). Plaintiffs disagree.

The facts are alleged in the complaint, and the bases of the claims are alleged in the complaint. All that is missing are the names.

Prior to filing the complaint, plaintiffs used the statutory remedy available, asking the City of Moundville for the identity of the individual police officer(s) who unlawfully delivered the weapon, by making the written demand described in § 11-47-191(c), Code of Alabama 1975. (Exhibit A). The City of Moundville refused to respond.

Plaintiffs could not investigate the incident other than to make the written demand. Only defendant City of Moundville can identify the individual police officer(s) who illegally delivered the weapon to Gray. If an investigation by law enforcement officials resulted in criminal proceedings against the individual person(s) who delivered the weapon to Gray, plaintiffs would have no way of knowing except through inquiry of the City of Moundville.

Because defendant City of Moundville knows the identity of these individual police officer(s), plaintiffs will also know as soon as City of Moundville makes its

initial disclosures in these proceedings, at which time substitution of their names will become possible.

Discussion

In its motion, City of Moundville relies primarily on *Richardson v. Johnson*, 598 F.3d 734 (11th Cir. 2010), which this court also considered in depth in its well-reasoned decision, *Quad Int'l, Inc. v. Doe*, 2013 WL 105271 (S.D.Ala. 2013.) After observing "[t]he *Richardson* decision might thus be read to foreclose an extension of the exception set forth in *Dean* to include cases in which discovery could lead to identification of the fictitious party," the *Quad Int'l* court also considered many other cases—on both sides of the fictitious-party issue—and concluded by holding that "binding precedent does not foreclose the possibility of recognizing an exception, as has been approved in other Circuits, allowing a plaintiff to name fictitious party defendants where discovery is needed to determine the identity of such persons." *Id.*, at 3.

Among the cases considered by this court in reaching that decision, it considered *Daleo v. Polk County Sheriff*, 2012 WL 1805501 (M.D.Fla. 2012), which also involved a § 1983 claim against law enforcement officers. In allowing fictitious parties in that case, the court stated "The situation of this case, like the situations in *Gillespie* and *Dean,* is one where the identities of the fictitious defendants will not be known before the filing of a complaint. The situation is also

one where the identities of the fictitious defendants are likely to be uncovered through discovery. The amended complaint contains the address of Daleo's home and the date of the police encounter that can be used to obtain the actual names of the 'unnamed Polk County Deputies' from the Polk County Sheriff. As such, Daleo can use fictitious names to indicate real defendants because it appears that discovery will likely uncover the defendants' actual names. *Daleo V. Polk County Sheriff,* 2012 WL 1805501, at p. 5 (M.D.Fla. 2012) (and cases cited therein).

Also appropriate for this court's consideration is the following excerpt from *Dean v. Barber:* "Dean described with sufficient clarity the head of the Jefferson County Jail as his additional defendant and brought to the attention of the court that Dean had yet to receive Sheriff Bailey's report, which would have provided Dean with the information needed to specifically name the 'Chief.'" *Dean v. Barber,* 951 F.2d 1210, 1216 (11th Cir. 1992).

## Conclusion

Dismissal of all fictitious party defendants at this early stage of this proceeding may permit defendant City of Moundville to benefit from its refusal to respond to plaintiffs' statutory demand for the identity of the individual person(s) involved in the delivery of the weapon, as alleged in the complaint.

To deny the City of Moundville's request for dismissal of fictitious party defendants Nos. 6-10 works no prejudice to the City of Moundville. However,

because of potentially applicable periods of limitation, to grant such a motion this early in the proceeding risks allowing the escape of individual defendant(s) described in the complaint, who may otherwise be held to answer in this proceeding, and runs counter to federal procedural law generally, which seeks "to secure the just, speedy, and inexpensive determination of every action and proceeding." F.R.Civ.P. 1.

/s/ John E. McCulley

John E. McCulley
One of the Attorneys for Plaintiffs
ASB-1374-U76J

JOHN E. McCULLEY, P. C.
601 Greensboro Ave. – Ste. 200
Tuscaloosa, AL 35401
P. O. Box 20576
Tuscaloosa, AL 35402
205-345-6773
johnemcculley@gmail.com

## Certificate of Service

I certify that I served a copy of the foregoing upon the following via the court's electronic noticing system.

Hon. James W. Porter
Hon. R. Warren Kinney
Porter, Porter & Hassinger, P.C.
880 Montclair Rd. – Ste. 175
Birmingham, AL 35213
205-322-1744
jwporterii@pphlaw.net
wkinney@pphlaw.net

DONE on the date filed with the clerk,

/s/ John E. McCulley

_____
John E. McCulley

# EXHIBIT A

# Michael S. Burroughs
Attorney at Law

Office Telephone: (205) 349-5470
Direct Dial: (205) 886-0475
mike@michaelburroughs.com

Street Address:
601 Greensboro Avenue
Suite 200, Alston Place
Tuscaloosa, AL 35401

Mailing Address:
P.O. Box 1908
Tuscaloosa, AL 35403

July 25, 2017

Hon. Tony Lester, Mayor
City of Moundville
410 Market Street
Moundville, AL 35474

Re:   Wrongful Deaths of Paige Mitchell and Kaci Mitchell

Dear Mayor:

I represent the personal representative of the estates of Paige Mitchell and her daughter Kaci. Paige and Kaci were murdered in their home by an assailant who used a gun that had been returned to him by the Moundville Police Department in violation of Alabama law.

I am delivering today to the city clerk statements of claims against the city for the wrongful deaths of Paige and Kaci. The amount claimed exceeds the limitation that sometimes applies to claims against municipalities. However, I believe that the personal representative has claims that are not subject to that limitation.

Pursuant to § 11-47-191(c) of the Alabama Code, I make a demand for the names of all persons who may be jointly liable with the city, or who may have their own liability as described in § 11-47-191(a) of the Alabama Code.

I also demand that you arrange for the city and the Moundville Police Department to preserve all evidence pertaining to the events described in the statements of claims. Specifically, you must preserve all documents, records, letter, memos, emails, text messages, social media postings, computer data, photographs, evidence logs, and other items that concern, pertain to, arise from, or mention in any way any of the following matters:

   (1)   The arrest of Bradley Elliott Gray in 2015.

   (2)   Any firearm taken from Mr. Gray or received from him.

      (3)    The return of a firearm to Mr. Gray.

      (4)    The decision to return a firearm to Mr. Gray.

      (5)    The names and addresses of the person or persons who returned a firearm to Mr. Gray, or who ordered or approved the return.

      (6)    When the city or the department learned of Mr. Gray's conviction on September 8, 2015.

      (7)    The policies, customs or practices of the city or the department for the return of firearms as it existed in 2015, and any changes since then.

      (8)    The procedure the city or the department followed in 2015 to determine whether to return a firearm, and any changes in that procedure since then.

      (9)    Educational or training material used to inform or instruct agents, officers, and employees about the policy and procedure for the return of firearms.

      (10)    Any investigation of the return of a firearm to Mr. Gray.

      (11)    Any reprimand or other disciplinary action taken as a result of the return of a firearm to Mr. Gray.

      (12)    The reasons for the firing of Ken Robertson as police chief.

      (13)    All occasions since 2013 when the city or the department returned a firearm to a person after that person was convicted of a crime while in possession of that firearm.

This list is not exclusive. You have a duty to preserve all evidence concerning these claims, and you should consult with your own attorney before destroying any documents that may constitute evidence.

After you have reviewed the statements, please let me know the city's response.

Sincerely,


Michael S. Burroughs
MSB/ns

cc:    Danny Ray