IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SYLVIA RAY, as personal representative of the ESTATES of PAIGE MITCHELL and KACI MITCHELL, deceased, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 2:19-cv-00069 |
| Estate of BRADLEY ELLIOT GRAY, deceased, CITY OF MOUNDVILLE, MOUNDVILLE POLICE DEPARTMENT, | ) ) ) ) ) |
| Defendants. | ) |

### *REPLY BRIEF* IN SUPPORT OF MOTION TO STRIKE FICTITIOUS PARTIES AND TO DISMISS COUNT IV OF THE COMPLAINT

COMES NOW Defendant the City of Moundville and files this Reply Brief in support of its [Doc. 4] Motion to Strike Fictitious Parties and to Dismiss Count IV of the Complaint, averring as follows:

The Plaintiffs have primarily attempted to rely on a letter dated July 25, 2017 and sent from Attorney Michael S. Burroughs to the City of Moundville's Mayor, Hon. Tony Lester, in opposition to the City's Motion to Strike. [Doc. 9, p. 2]. The Plaintiffs claim to have used a "statutory remedy" that allows for them to ascertain

the identities of fictitiously named defendants. [*Id.*, p. 2]. While their Response claims that they "ask[ed] the City of Moundville for the identity of the individual police officer(s) who unlawfully delivered the weapon" to Bradley Gray, they did no such thing. Their letter actually states as follows:

> Pursuant to § 11-47-191(c) of the Alabama Code, I make demand for the names of all persons who may be jointly liable with the city, or who may have their own liability as described in § 11-47-191(a) of the Alabama Code.

[*Id.*, ECF p. 8]. The Plaintiffs' reliance on § 11-47-191, however, has absolutely nothing to do with the City's motion to strike the fictitious parties named in the Complaint.

Ala. Code § 11-47-191 places certain restrictions on when and how municipalities in Alabama may be held liable for damages. Section 11-47-191

> provides that if the injured party sues the municipality, he "shall also join such other person or persons or corporations so liable as defendant or defendants," and if he brings an action against the municipality alone "and it is made to appear that any person or corporation ought to be joined as a defendant in the action according to the provisions in Section 11-47-190, the action shall be dismissed, unless the plaintiff amends his complaint by making such party or corporation a defendant …."

*Hollingsworth v. City of Rainbow City*, 826 So. 2d 787, 791 (Ala. 2001). The statute further reads:

> If the injured party shall, before bringing the civil action, demand of the mayor or other chief executive officer of such municipality the name of such other person or persons or corporation as may be liable jointly with the said municipality to such injured party, and if such mayor or other

> chief executive officer fails to furnish, within 10 days from the making of such demand, the name of such person or persons or corporation so jointly liable, the said injured party shall not be required to join such other person as a party defendant with said municipality in any civil action brought to recover damages for such injuries.

Ala. Code § 11-47-191(c). Among the statute's several purposes is "to provide a means of saving the city the necessity and inconvenience of having itself to bring suit against such other parties" that may also be liable for a plaintiff's claimed injuries. *Bessemer v. Whaley*, 65 So. 691, 692 (Ala. Ct. App. 1914), <u>rev'd on other grounds</u>, *Ex parte Whaley* 66 So. 145 (Ala. 1914).

In response to the Plaintiffs' Complaint, the City did not seek dismissal based on any provisions of § 11-47-191. Had the City moved for dismissal based on § 11-47-191, "the plaintiff would have shown," undoubtedly, "as a reason why such motion should not have been granted, some statutory excuse for making only the city a defendant to the suit," *i.e.* § 11-47-191(c). *Ex parte Whaley*, 66 So. 145, 145 (Ala. 1914). This discussion is academic, though, as no such motion has been made. Moreover, the Alabama Supreme Court has previously held that the joinder and notice requirements of Ala. Code § 11-47-191 do not apply to suits against cities and towns based on the alleged actions of municipal police officers acting within the scope of their employment. *Ellison v. Brookside*, 481 So. 2d 890, 892 (Ala. 1985). Thus, § 11-47-191 has no relevance to the City's motion to strike the fictitiously

named defendants in the Plaintiffs' Complaint, and its invocation by the Plaintiffs in their response brief is subterfuge.

At the core of the Defendant's Motion to Strike and to Dismiss Count IV rests the well-established principle that "there is no provision for fictitious party practice under federal law or rules of procedure." *Geren v. Omni Transp. Sys., Ala. LLC*, 2009 U.S. Dist. LEXIS 134211, *1 n. 1, Case No. 09-cv-1928 (N.D. Ala. Nov. 17, 2009). Indeed, "fictitious party pleading is not generally recognized under the Federal Rules of Civil Procedure." *Doe v. Univ. of S. Ala.*, 2017 U.S. Dist. LEXIS 170760, *1, Case No. 17-cv-0394, (S.D. Ala. Oct. 13, 2017). "Fictitious party practice is allowed in federal court **only when** sufficient identifying information is available so the defendant may be served with process." *Lolley v. La. Corr. Servs.*, 2010 U.S. Dist. LEXIS 57116, *5-6, Case No. 09-cv-0555 (S.D. Ala. May 21, 2010)(emphasis added)(citing *Dean v. Barber*, 951 F.2d 1210, 1216 & n.6 (11th Cir. 1992)). The requisite degree of specificity necessary to allow a very limited exception to the general prohibition on use of fictitious party pleading in courts within the Eleventh Circuit is simply absent from the Plaintiffs' Complaint.

The Complaint states – in overly broad terms – only that "[w]ith respect to Defendants Nos. 6-10, plaintiffs allege that these defendants engaged in conduct attributed in this complaint to the department and the city." [Doc. 1-1, ¶ 40]. Presumably, Plaintiffs are referring to Paragraph 19, which states:

> The death of Paige Mitchell was suffered through the neglect, carelessness, or unskillfulness of the agents, officers, and employees of the city, while they were engaged in their work for the city and while they were acting within the line and scope of their duties. Specifically, those agents, officers, and employees did one or more of the following things through neglect, carelessness, or unskillfulness:
>
> (a) They participated in the creation of a policy, custom, or practice of the department or the city concerning the disposition of firearms confiscated during arrests that violated the law;
>
> (b) they ordered, approved, or participated in the return of the pistol to Gray, in violation of the law;
>
> (c) they improperly or inadequately trained or supervised other agents, officers, and employees in the proper disposition of confiscated firearms;
>
> (d) they failed to monitor pending court cases to learn about convictions of people from whom the department had confiscated firearms; or
>
> (e) they failed to provide notice to other agents, officers, and employees of such convictions so that those agents, officers, and employees could comply with § 13A-11-76.

[Doc. 1-1, ¶ 19]. The Complaint wholly fails to describe fictitious defendants 6-10 with any degree of specificity, let alone enough specificity so as to be, at the very worst, surplusage. Because there is no provision in the Federal Rules of Civil Procedure allowing for the use of fictitious parties and because, "[a]s a general matter, fictitious party pleading is not permitted in federal court, … the description in [Plaintiffs'] complaint [is] insufficient to identify the defendant[s] among the many [officers and employees of the City]," and dismissal of any claim against them is proper. *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010).

The Plaintiffs' response brief seeks to rely on *Quad Int'l, Inc. v. Doe*, 2013 U.S. Dist. LEXIS 1988, Case No. 12-cv-675, *3 (S.D. Ala. Jan. 7, 2013), for the proposition that their use of fictitious party-pleading should be allowed, but their reliance is misplaced. In *Quad Int'l, Inc.*, the plaintiff filed suit against defendant "John Doe," and sought limited discovery pursuant to Fed. R. Civ. P. 12(d) and a third-party subpoena in order to determine the real name of the "John Doe" party. *Id.*, *2. The court allowed the plaintiff's use of a fictitious party defendant on the very narrow basis that the "plaintiff knows of no party defendant which could be named and thus cannot otherwise bring suit." *Id.*, *9. In stark contrast to *Quad Int'l, Inc.*, the Plaintiffs in this case have already sued actual defendants: the City of Moundville and the Estate of Bradley Gray. Furthermore, the *Quad Int'l* Court specifically noted that it "makes no determination of the propriety of this procedure where plaintiff knows the identity of other defendants against whom discovery may proceed in the ordinary course of litigation, and where presently unidentified defendants may be added by amendment." *Id.*

The Plaintiffs' reliance on *Daleo v. Polk County Sheriff*, 2012 U.S. Dist. LEXIS 68988, Case No. 11-CV-2521 (M.D. Fla. May 17, 2012), is equally unavailing. First, it does not comport with the numerous decisions of this Court cited herein. Second, the *Daleo* case sought to name as fictitious defendants those deputies of the Polk County Sheriff's Department that arrested the plaintiff on a

6

specific date, at a specific time, at a specific location, and at a specific address. Again, no such specificity exists in the Plaintiffs' description of Fictitious Defendants Nos. 6-10 in their Complaint in this case. Should the discovery process in this case lead to the identification of additional defendants, the Plaintiffs can certainly seek leave from this Court to amend their Complaint to name those as-of-yet unidentified parties. *See Mykins v. Ala. Dep't of Human Res.*, 2011 U.S. Dist. LEXIS 112446, *3, Case No. 11-cv-0264 (S.D. Ala. Sept. 29, 2011)(holding that the plaintiff's description of the fictitious defendants did not meet the *Richardson* criteria, and that "all claims against fictitious defendants will be dismissed, without prejudice to the plaintiff's ability to file a timely amended complaint asserting claims against additional named defendants").

WHEREFORE, the foregoing premises considered, the Defendant City of Moundville would respectfully ask this Court to STRIKE the fictitiously pled Defendants Nos. 6-10 (Plaintiffs do not oppose striking Nos. 1-5) and to DISMISS all claims against them, namely those in Count IV of the Plaintiffs' Complaint.

s/ R. Warren Kinney  
James W. Porter, II  
Richard Warren Kinney  
State Bar ID: ASB5682D57K  
Southern District Code: KINNR5682  
*Attorneys for Defendant City of Moundville*

OF COUNSEL:

**Porter, Porter & Hassinger, P.C.**
880 Montclair Road, Ste. 175
Birmingham, AL 35213
T: (205) 322-1744
F: (205) 322-1750
jwporterii@pphlaw.net
wkinney@pphlaw.net

## *CERTIFICATE OF SERVICE*

I hereby certify that a copy of the above and foregoing has been *electronically filed* with the Clerk of the Court using the CM/ECF system which will send notification of such filing and a copy of the same upon the following, on this the 20th day of March, 2019. If Notice of Electronic Filing indicates that Notice should be delivered by other means to any of the following, I certify that a copy will be sent via electronic and/or U.S. Mail.

John E. McCulley
601 Greensboro Ave., Ste. 200
Tuscaloosa, AL 35401
johnemcculley@gmail.com

Michael S. Burroughs
P.O. Box 1908
Tuscaloosa, AL 35403
mike@michaelburroughs.com

  /s/ R. Warren Kinney
  OF COUNSEL