# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| **SYLVIA RAY,** *as personal representative of the Estates of Paige Mitchell and Kaci Mitchell,* **Plaintiff,** | ) ) ) ) | |
| v. | ) ) | CIVIL ACTION 2:19-00069-KD-MU |
| **ESTATE OF BRADLEY ELLIOTT GRAY and CITY OF MOUNDVILLE,** **Defendants.** | ) ) ) ) | |

## ORDER

This matter is before the Court on Defendant City of Moundville's motion to strike/dismiss (Doc. 4), Plaintiff's response (Doc. 9) and Defendant's reply (Doc. 11); and Plaintiff's motion for leave to amend the complaint (Doc. 19) and Defendant's response (Doc. 20).

**I.      Background**

On January 25, 2019, Plaintiff initiated this action in the Circuit Court of Hale County, Alabama alleging claims for wrongful death (of Paige Mitchell and Kaci Mitchell) and Section 1983 liability against the Estate of Bradley Elliott Gray (who killed the Mitchells with a firearm returned to him by the Moundville police department), the City of Moundville, the Moundville Police Department, and fictitious parties #1-10. (Doc. 1-1).[1] In so doing, Plaintiff describes fictitious parties #1-10 as follows and alleges the following claim against them (Count IV):

> No. 1: The correct name of the defendant identified as the Estate of Bradley Elliott Gray, if that defendant has been improperly identified by that name;
>
> No. 2: The personal representative of the defendant identified as the Estate of Bradley

---

[1] Defendant Moundville Police Department was dismissed on April 16, 2019. Additionally, "to plaintiffs'[] knowledge, the Estate of Bradley Elliott Gray has not been filed for probate, and no one has been appointed as personal representative of the estate." (Doc. 19 at 1 at ¶2).

Elliott Gray;

No. 3: The administrator ad litem of the defendant identified as the Estate of Bradley Elliott Gray;

No. 4: The correct name of the defendant identified as City of Moundville, if that defendant has been improperly identified by that name;

No. 5: The correct name of the defendant identified as Moundville Police Department, if that defendant has been improperly identified by that name;

Nos. 6-10: The persons, officers, employees, agents or representatives of the defendants identified as City of Moundville and Moundville Police Department, who engaged in the conduct described in this complaint.

Plaintiffs aver that the identities of the fictitious party defendants are otherwise unknown to them at this time, or if their names are known, their identities as proper party defendants are not known to them at this time, and their true names will be substituted by amendment when ascertained.

***

## Count IV

### Claims Against Fictitious Parties

34. Plaintiffs incorporate the allegations of paragraphs 1-33 of the complaint.

35. Plaintiffs assert against Defendant No. 1 the same claims they have asserted against Bradley Elliott Gray, substituting the true name of Defendant No. 1 for Gray.

36. Plaintiffs assert against Defendant No.2 the same claims they have asserted against Bradley Elliott Gray, substituting the true name of Defendant No. 2 for Gray.

37. Plaintiffs assert against Defendant No. 3 the same claims they have asserted against Bradley Elliott Gray, substituting the true name of Defendant No. 3 for Gray.

38. Plaintiffs assert against Defendant No.4 the same claims they have asserted against the City of Moundville, substituting the true name of Defendant No. 4 for the city.

39. Plaintiffs assert against Defendant No.5 the same claims they have asserted against the Moundville Police Department, substituting the true name of Defendant No.4 for the department.

40. With respect to Defendants Nos. 6-10, plaintiffs allege that these defendants engaged in the conduct attributed in this complaint to the department and the city…plaintiffs assert against Defendants Nos. 6-10 the same claims they have asserted against the department and the city.

WHEREFORE, plaintiffs demand judgment against Defendants No.1-3 for punitive damages in an amount to be determined by the jury, plus interest and costs, and they

demand judgment against Defendants 4-10 for compensatory and punitive damages in an amount to be determined by the jury, plus interest and costs.

(Doc. 1-1 at 1-2, 5-6).

On February 20, 2019, Defendants removed the case to this Court. (Doc. 1). On February 26, 2019, the City of Moundville (the City) moved to strike and dismiss the fictitious party defendants #4-10 and the claims against them, (Doc. 4), for which briefing was complete March 21, 2019. (Docs. 7, 9, 11). On May 15, 2019, Plaintiff filed a motion to amend the complaint to remove fictitious defendant #6 and replace it with individual defendant Ken Robertson, as well as add a new federal claim in connection with the return of the pistol, to which the City filed an opposition. (Docs. 19, 20).

## II.  Discussion

Generally, fictitious party practice is not permitted in federal courts. Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010). Specifically, this action is before the Court on removal on the basis of federal question jurisdiction. When a party is ignorant of the identity/name of an opposing party at the time a complaint is filed, fictitious party is often used, with the complaint being amended later via substitution of the opposing party's true identity/name once discovered. Saxton v. ACF Indus., 254 F.3d 959, 964-965 (11th Cir. 2001). As explained in Grinton v. Coffer, 2010 WL 11613835, *7-8 (N.D. Ala. Apr. 12, 2010):

> …..federal jurisdiction in *Saxton* was based on diversity of citizenship, and the court's emphasis of its diversity jurisdiction throughout the opinion raises the question whether its holding applies equally to federal question jurisdiction cases. Another district court sitting in Alabama addressed this very issue and, in a well-reasoned opinion, ruled that *Saxton's* holding should apply to federal question cases as well. *Mann v. Darden*, 630 F. Supp. 2d 1305, 1311 (M.D. Ala. 2009) (quoting committee notes to Rule 15 that contemplate the rule's application in federal question cases). Even though Alabama rules regarding relation-back of amendments would apply in this federal-question case and would allow the substitution…for fictitious parties under certain conditions, Plaintiff nevertheless has not

met the conditions for substitution set forth in Alabama law.

The court turns to the relevant Alabama rules to explain why. Rule 15(c) of the Alabama Rules of Civil Procedure addresses relation back. Subsection (c)(4) sets out the applicable rule when—as in this case—fictitious parties are involved: "An amendment of a pleading relates back to the date of the original pleading when ... relation back is permitted by principles applicable to fictitious party practice pursuant to Rule 9(h)." Fed. R. Civ. P. 15(c)(4). Rule 9(h) in turn provides: "When a party is ignorant of the name of an opposing party and so alleges in the party's pleading, the opposing party may be designated by any name, and when that party's true name is discovered, the process and all pleadings and proceedings in the action may be amended by substituting the true name." Fed. R. Civ. P. 9(h). The Eleventh Circuit explained in *Saxton* that the combination of Alabama Rules 15(c) and 9(h) allows a plaintiff to avoid the statutory bar if

> (1) the original complaint adequately described the fictitious defendant; (2) the original complaint stated a claim against the fictitious defendant; (3) the plaintiff was ignorant of the true identity of the defendant; and (4) the plaintiff used due diligence to discover the defendant's true identity.

*Saxton*, 254 F.3d at 965 (citing *Jones v. Resorcon, Inc.*, 604 So. 2d 370, 372-73 (Ala. 1992))….

Rule 9(h) of the Alabama Rules of Civil Procedure provides, in part, that "[w]hen a party is ignorant of the name of an opposing party and so alleges, that party may designate the opposing party by any name and amend its pleading to substitute the opposing party's true name when the true name is discovered." Saxton v. ACF Indus., 254 F.3d 959, 964-965 (11th Cir. 2001). See also e.g., Wardlow v. Whiten, 2015 WL 6503674, *2 (N.D. Ala. Oct. 28, 2015) (same). Rule 9(h) operates in conjunction with Fed.R.Civ.P. Rule 15(c) to "allow a plaintiff, in certain circumstances, to avoid a limitations bar by fictitiously naming a defendant and later substituting the actual party." Id. "Such a substitution is allowed to relate back to the date of the original complaint if the original complaint adequately described the fictitiously named defendant and stated a claim against such a defendant." Jones v. Resorcon, Inc., 604 So.2d 370, 372-373 (Ala. 1992).

Specifically, "an amendment substituting an actual defendant for a fictitious defendant relates back when: (1) the original complaint adequately described the fictitious defendant; (2) the

original complaint stated a claim against the fictitious defendant; (3) the plaintiff was ignorant of the true identity of the defendant; and (4) the plaintiff used due diligence to discover the defendant's true identity." Wyatt v. Georgia-Pacific LLC, 2018 WL 1308954, *2-3 (S.D. Ala. Mar. 13, 2018) (citation omitted). Additionally, the Alabama Supreme Court "has elaborated upon the requirement that the plaintiff be ignorant of the identity of the fictitiously named party by holding that the plaintiff must substitute the named defendant for the fictitious party within a reasonable time after determining the defendant's true identity." Ex parte Mobile Infirmary Ass'n, 74 So.3d 424, 429 (Ala. 2011) (citations omitted). In sum, "to invoke the relation back principle of Rule 15(c), a plaintiff...must proceed in a reasonably diligent manner to determine the true identity of a fictitiously named defendants and to amend his complaint accordingly." Ex parte Hensel Phelps Const. Co., 7 So.3d 999, 1003 (Ala. 2008) (citation omitted).

The City's motion to strike/dismiss is based on the general disallowance of fictitious party practice in federal court, adding that any exception to that general rule does not apply because the Complaint failed to describe these defendants with sufficient specificity so "as to render their names mere surplusage[.]" (Doc. 4 at 3). From this, the City moves to strike fictious party defendants #4-10, paragraphs #12 and #35-40 of the Complaint, and to dismiss all of the claims against the fictitious parties. (Doc. 4).

At the outset, Plaintiff does not oppose dismissal of fictitious party defendants #4-5 and does not oppose striking paragraphs #35-39 of Count IV of the Complaint. (Doc. 9 at 1). In so doing, Plaintiff's reveals that she apparently also has no opposition to striking fictitious party defendants #1-3. As such, the City's motion relating to dismissing fictitious party defendants #4-5 and paragraphs #35-39 of Count IV is **GRANTED,** and while the City did not specifically so move with regard to fictitious party defendants #1-3, the Court finds they are also due to be

**STRICKEN** based on Plaintiff's concession.

As for the remainder -- fictitious party defendants #6-10 and paragraph #40 of Count IV ("[t]he persons, officers, employees, agents or representatives of the defendants identified as City of Moundville…who engaged in the conduct described in this complaint[]")[2] -- the Court finds as follows. At the time Plaintiff filed the state court complaint she did not know the name of the representative of the City who returned the firearm to Gray, and so used fictitious party practice per Alabama's Rule 9, to assert a claim against that person by identifying him with a fictitious name (#6), agreeing to substitute his identity once known. Likewise, Plaintiff did not know the names of the other defendants (fictitious parties #7-10), also agreeing to substitute their identities once known. Per Plaintiff, "[t]he facts are alleged in the complaint, and the bases of the claims are alleged in the complaint. All that is missing are the names." (Doc. 9 at 2). Plaintiff explains that before filing the complaint, she used the available statutory remedy to make a written demand to the City for the identity of the individual police officers who unlawfully delivered the weapon, but the City refused to respond. (Id.) Per Plaintiff, the only way to know these names would be after the City makes its initial disclosures, at which time substitution will be possible. (Id.) On these grounds, Plaintiff opposes dismissal/striking of the foregoing.

In response, the City contends that Plaintiff's "written demand" has "absolutely nothing to do with the City's motion to strike the fictitious parties[,]" adding that Plaintiff's reference to same is "subterfuge." (Doc. 11 at 2, 4). The City adds that fictitious party practice is only allowed in federal court when sufficient identifying information is available so that party may be served with

---

[2] As alleged in the Complaint: "With respect to Defendants Nos. 6-10, plaintiffs allege that these defendants engaged in the conduct attributed in this complaint to the department and the city. Therefore, plaintiffs assert against Defendants Nos. 6-10 the same claims they have asserted against the department and the city."

process -- which is "simply absent" from Plaintiff's Complaint. (Id. at 4). According to the City, the allegations regarding fictitious party defendants #6-10 are overly broad, stating "these defendants engaged in conduct attributed in this complaint to the department and the city." (Id.)

Presently, Plaintiff seeks to amend the complaint to, in part, name individual Ken Robertson as a defendant, individually and in his official capacity as Police Chief of the City of Moundville -- to substitute him for fictitious party defendant #6. (Doc. 19). As grounds, Plaintiff explains that she only was able to ascertain the name of Robertson, as the individual who returned the firearm to Gray, after receiving the City's initial disclosures, in May 2019. (Id.) In opposition, the City reiterates that fictitious party practice is disallowed in federal court and that because the City previously moved to strike fictious party defendant #6, Plaintiff cannot now amend the complaint to substitute Ken Robertson for same. (Doc. 20).

For fictitious party defendant #6, the Court cannot agree with the City. At the time the state court complaint was filed, Plaintiff utilized Alabama's Rule 9, citing ignorance of the true identity of the individual who returned the firearm to Gray, and that substitution would occur upon learning that identity. The complaint repeatedly references the City and/or the City's police department as recovering/confiscating the firearm Gray possessed when he committed the crime, which "the department [had] returned…to him" after his domestic violence conviction. As per Fed.R.Civ.P. 15, Plaintiff indicates that she used diligence to discover this individual's true identity/name -- which she has per recent discovery "with reasonable certainty" -- and so seeks substitution. (Doc. 19). The substitution thus relates back to the original state court complaint allegations. Additionally, this case is in its early stages, with the Rule 16(b) Scheduling Order issuing on May 1, 2019. Plaintiff also timely filed the motion to amend the Complaint, by the May 15, 2019 deadline to amend pleadings. Moreover, per Plaintiff, the name of the to-be-substituted

defendant, Ken Robertson, was only identified in May 2019.  Further, the City has not submitted sufficient grounds from which to deny this amendment/substitution.  Upon consideration of the foregoing, the Court finds that Plaintiff's motion to amend the Complaint, to substitute Ken Robertson for fictitious party defendant #6 and to add/clarify allegations related to Robertson, is **GRANTED.**  The motion to amend is also **GRANTED** as to Plaintiff's request to add the allegation that the return of the firearm violated 18 U.S.C. § 922 (not only state law as previously asserted) as the City has failed to specifically address this proposed amendment and there is nothing before the undersigned indicating that it should be disallowed.

Concerning fictitious party defendants #7-10, discovery has just begun and does not close until April 27, 2020 -- for almost another year.  (Doc. 17).  Nevertheless, the deadline to amend the pleadings has passed.  Plaintiff has not moved to amend the complaint to substitute the true names for fictitious party defendants #7-10 by this deadline.  Given the foregoing, and because fictitious party practice is disfavored in federal court as a whole, fictitious party defendants #7-10 and paragraph #40 of Count IV are **STRICKEN** from the Complaint.[3]

**DONE** and **ORDERED** this the **31st** day of **May 2019.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[3] In the event Plaintiff learns these identities/names (to substitute for fictitious party defendants #7-10), she will bear the burden of establishing "good cause" for any amendment (as outside the deadline to amend) per Rule 15(a)(2) and Rule 16(b)(4) (e.g., "[a] schedule may be modified only for good cause and with the judge's consent[]").  See, e.g., Betts v. Progressive Specialty Ins. Co., 2017 WL 957367, *1 (S.D. Ala. Mar. 10, 2017) (discussing same).