IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SYLVIA RAY, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF PAIGE MITCHELL, DECEASED, et al., | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) |
| vs. | ) Case No.: 19-0069-KD-MU<br>) |
| ESTATE OF BRADLEY ELLIOTT GRAY, et al., | )<br>)<br>)<br>) |
| Defendants. | ) |

**FIRST AMENDED COMPLAINT**

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure and Paragraph 5 of the Court's Scheduling Order, plaintiffs file their First Amended Complaint.

This First Amended Complaint is filed by Plaintiff Sylvia Ray, as personal representative of the Estate of Paige Mitchell, Deceased, and by plaintiff Sylvia Ray, as personal representative of the Estate of Kaci Mitchell, Deceased.

This First Amended Complaint has three purposes:

(a) To add Ken Robertson as a defendant, individually and in his official capacity as Police Chief of the City of Moundville;

(b) to substitute Robertson for the defendant identified in the Original Complaint as Defendant No. 6; and

(c) to add to or clarify certain allegations of the Original Complaint as they relate to the conduct of Robertson or the conduct of the City of Moundville.

**A. ADDITION OF DEFENDANT**

1. Plaintiffs add Ken Robertson as a defendant, individually and in his official capacity as Police Chief of the City of Moundville, and assert against him the claims set out in Counts I, II, and III of the Original Complaint.

## B. SUBSTITUTION OF DEFENDANT

2. Plaintiffs substitute Ken Robertson, individually and in his official capacity as Police Chief of the City of Moundville, for the defendant identified in the Original Complaint as Defendant No. 6, and assert against him the claims set out in Counts I, II, and III of the Original Complaint.

## C. ADDITIONAL OR CLARIFIED ALLEGATIONS

3. Plaintiffs incorporate into this First Amended Complaint all the allegations of the Original Complaint.

4. This amendment does not delete or replace any of the allegations of the Original Complaint, other than the allegations relating to the defendant identified as Defendant No. 6. Those allegations are clarified to identify that defendant correctly as Ken Robertson, individually and in his official capacity as Police Chief of the City of Moundville.

5. Paragraph 14 of the Original Complaint is amended to read as follows:

> 14. Sometime after September 8, 2015, after Gray's conviction, the department returned his pistol to him. The pistol was returned to Gray by: (a) Robertson, acting in his individual capacity; (b) by Robertson, acting in his official capacity pursuant to a policy, custom, or practice of the department or the city concerning the disposition of firearms confiscated during arrests; (c) by an unknown person, acting on the order or instruction of Robertson, acting in his individual capacity; (d) by an unknown person, acting on the order or instruction of Robertson, acting in his official capacity pursuant to a policy, custom, or practice of the department or the city concerning the disposition of firearms confiscated during arrests; and/or (e) by another employee of representative of the department.

6. Paragraph 15 of the Original Complaint is amended to read as follows:

> 15. When the department returned the pistol, it knew or had reasonable cause to believe that Gray had been convicted of domestic violence. When Robertson was involved in the return of the pistol, either personally or through the issuance of an order or instruction to someone else, he knew or had reasonable cause to believe that Gray had been convicted of domestic violence. Therefore, when it returned the pistol, the department violated § 13A-11-76 and 18 U.S.C. §922, and when Robertson was involved in the return, he also violated

§ 13A-11-76 and 18 U.S.C. §922 .

7. Paragraph 16 of the Original Complaint is amended to read as follows:

16. The deaths of Paige Mitchell and Kaci Mitchell were proximately caused by failure of the department and/or Robertson, in his individual and official capacities, to comply with § 13A-11-76 and their violation of that law when they returned the pistol to Gray.

8. The ad damnum clauses of Counts I, II, and II are amended to make it clear that plaintiffs demand judgment against all defendants including Ken Robertson, individually and in his official capacity as Police Chief of the City of Moundville.

JOHN E. MCCULLEY

/s/ John E. McCulley
Attorney for Plaintiff (MCC-074)
601 Greensboro Avenue, Suite 200
Tuscaloosa, AL 35401
(205) 345-6773
johnemcculley@gmail.com

## JURY DEMAND

Plaintiffs request a jury trial on all issues in this case, including the claims asserted against Ken Robertson, individually and in his official capacity as Police Chief of the City of Moundville.

/s/ John E. McCulley

## CERTIFICATE OF SERVICE

I certify that I served this document on May 15, 2019, in accordance with the Federal Rules of Civil Procedure, by filing it using the CM/ECF system, which will send copies to the following attorneys of record:

James W. Porter
Porter, Porter & Hassinger, P.C.
880 Montclair Road, Suite 175
Birmingham, AL 35213

R. Warren Kinney
Porter, Porter & Hassinger, P.C.
880 Montclair Road, Suite 175
Birmingham, AL 35213

There are no parties who should be served by other means.

/s/ John E. McCulley