IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SYLVIA RAY, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF PAIGE MITCHELL, DECEASED, et al., | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | CIVIL ACTION 2:19-00069-KD-MU |
| ESTATE OF BRADLEY ELLIOTT GRAY, et al., | ) ) ) | |
| Defendants. | ) ) | |

**REVISED FIRST AMENDED COMPLAINT**

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, Paragraph 5 of the Court's Scheduling Order, and the Court's order of June 21, 2019, plaintiffs file their First Amended Complaint.  This First Amended Complaint has five purposes:

(a)     To delete from the complaint references to the Moundville Police Department, which has been dismissed as a defendant;

(b)     to edit allegations originally made against the Moundville Police Department so that those allegations will now be made against the City of Moundville;

(c)     To delete the fictitious parties and the allegations that the Court struck in its order of May 31, 2019;

(d)     in accordance with that order, to substitute Ken Robertson, individually and in his official capacity as Police Chief of the City of Moundville, for Fictitious Party Defendant No. 6, and to add or clarify allegations relating to him; and

(e)     in accordance with that order, to add the allegation that the return of the firearm violated 18 U.S.C. § 922.

This First Amended Complaint restates the entire original complaint, except for the items struck by the previous order of the Court.

1.      Plaintiff Sylvia Ray has been appointed by the Probate Court of Hale County, Alabama, as personal representative of the Estate of Paige Mitchell, Deceased.  She brings this case in her capacity as personal representative of that estate.

2.      Plaintiff Sylvia Ray has been appointed by the Probate Court of Hale County, Alabama, as personal representative of the Estate of Kaci Mitchell, Deceased. She brings this case in her capacity as personal representative of that estate.

3.      On the night of January 25, 2017, or the early morning of January 26, 2017, Bradley Elliott Gray killed Paige Mitchell and Kaci Mitchell in Hale County, Alabama.

4.      Gray is now deceased.

5.      Plaintiffs are unaware of anyone who been appointed as personal representative of Gray's estate.  Pursuant to § 43-2-250 of the Alabama Code, they request that the Court appoint an administrator ad litem for the defendant identified as the Estate of Bradley Elliott Gray.

6.      Defendant City of Moundville is a municipal corporation located in Hale County Alabama.

7.      This paragraph is deleted to remove allegations relating to the Moundville Police Department.

8.      This paragraph is deleted to remove allegations relating to the Moundville Police Department.

9.      Sometime between July 9, 2015, and July 13, 2015, the City arrested Bradley Elliott Gray on a charge of Domestic Violence – Harassment. The victim of that crime was Paige Mitchell.  The warrant number was WR 2015 - 257.

10.     At the time of the arrest, the City recovered and confiscated a pistol that Gray had in his possession when he committed the crime.

11.     The criminal case against Gray arising from his arrest was in the District Court of Hale County, Alabama, Case No. DC 2015 - 100049.  On September 8, 2015, Gray was convicted in that case of the crime of Domestic Violence – Harassment.

12.     Under § 13A-11-76 of the Alabama Code, it is illegal for any person to deliver a pistol to anyone that the person has reasonable cause to believe has been convicted of domestic violence.  That statute became effective on September 1, 2015, and was in force when Gray was convicted.  Also, under 18 U.S.C. § 922, it is illegal for any person to deliver a pistol to anyone under the circumstances set out in that statute.  That statute was in force at all times relevant to this complaint.

13.     The pistol that the City confiscated from Gray at the time of his arrest was a "pistol" as that term is defined and used in § 13A-11-76 and 18 U.S.C. § 922.

14.     Sometime after September 8, 2015, after Gray's conviction, the City returned his pistol to him.  The pistol was returned to Gray by: (a) Robertson, acting in his individual capacity; (b) by Robertson, acting in his official capacity pursuant to a policy, custom, or practice of the City concerning the disposition of firearms confiscated during arrests; (c) by an unknown person, acting on the order or instruction of Robertson, acting in his individual capacity; (d) by an unknown person, acting on the order or instruction of Robertson, acting in his official capacity pursuant to a policy, custom, or practice of the City concerning the disposition of firearms confiscated during arrests; and/or (e) by another employee of representative of the City.

15.     When the City returned the pistol, it knew or had reasonable cause to know about Gray's conviction.  When Robertson was involved in the return of the pistol, either personally or through the issuance of an order or instruction to someone else, he knew or had reasonable cause to know about Gray's conviction.  Therefore, when the City returned the pistol, it violated  § 13A-11-76 and 18 U.S.C. § 922, and when Robertson was involved in the return, he also violated § 13A-11-76 and 18 U.S.C. § 922 .

16.     When Gray killed Paige and Kaci Mitchell, he did so by shooting them with the pistol that the City had returned to him.

17.     The deaths of Paige Mitchell and Kaci Mitchell were proximately caused by failure of the City and/or Robertson, in his individual and official capacities, to comply with § 13A-11-76 and 18 U.S.C. § 922, and their violation of that law when they returned the pistol to Gray.

18.     The City returned the pistol to Gray pursuant to a policy, custom, or practice of the City concerning the disposition of firearms confiscated during arrests.

19.     The death of Paige Mitchell was suffered through the neglect, carelessness, or unskillfulness of the agents, officers, and employees of the City, while they were engaged in their work for the City and while they were acting within the line and scope of their duties.  Specifically, those agents, officers, and employees did one or more of the following things through neglect, carelessness, or unskillfulness:

(a)     They participated in the creation of a policy, custom, or practice of the City concerning the disposition of firearms confiscated during arrests that violated the law;

(b)     they ordered, approved, or participated in the return of the pistol to Gray, in violation of the law;

(c)     they improperly or inadequately trained or supervised other agents, officers, and employees in the proper disposition of confiscated firearms;

(d)     they failed to monitor pending court cases to learn about convictions of people from whom the City had confiscated firearms; or

(e)     they failed to provide notice to other agents, officers, and employees of such convictions so that those agents, officers, and employees could comply with § 13A-11-76 and 18 U.S.C. § 922.

20.     Danny Ray was originally appointed as personal representative of the two estates.  While serving as personal representative, he filed with the City notices for payment of these claims, in full compliance with Alabama law.  Those claims were denied.

21.     As the current personal representative of the two estates, plaintiffs are the appropriate persons under Alabama law to make the claims described in this complaint.

### Count I
### Wrongful Death of Paige Mitchell

22.     Plaintiffs incorporate the allegations of paragraphs 1-21 of the complaint.

23.     This claim is brought pursuant to § 6-5-410 of the Alabama Code.

24.     Defendants caused the death of Paige Mitchell through the conduct described in this complaint.

WHEREFORE, plaintiff Sylvia Ray, as Personal Representative of the Estate of Paige Mitchell, Deceased, demands judgment against defendants for damages recoverable for wrongful death under Alabama law, in an amount to be determined by the jury, plus interest and costs.

### Count II
### Wrongful Death of Kaci Mitchell

25.     Plaintiff incorporates the allegations of paragraphs 1-21 of the complaint.

26.     This claim is brought pursuant to § 6-5-391 of the Alabama Code.

27.     The parents of Kaci Mitchell are both deceased, so the personal representative of her estate is the appropriate person to bring an action for wrongful death.

28.     Defendants caused the death of Kaci Mitchell through the conduct described in this complaint.

4

WHEREFORE, plaintiff Sylvia Ray, as Personal Representative of the Estate of Kaci Mitchell, Deceased, demands judgment against defendants for damages recoverable for wrongful death under Alabama law, in an amount to be determined by the jury, plus interest and costs.

## Count III
## Liability Under 42 U.S.C. § 1983

29.    Plaintiffs incorporate the allegations of paragraphs 1-21 of the complaint.

30.    The City returned the pistol to Gray pursuant to a policy, custom, or practice of the City concerning the return of weapons to criminal defendants at the conclusion of the criminal case.

31.    The policy, custom, or practice of the City, and the conduct of those defendants pursuant to that policy, custom, or practice, deprived Paige Mitchell and Kaci Mitchell of their constitutional rights and resulted in their deaths.

32.    Because of the deaths of Paige Mitchell and Kaci Mitchell, there has been a loss of income that the two of them would have earned during their lifetimes.

33.    The implementation of the policy, custom, or practice of the City, and the conduct of those defendants pursuant to that policy, custom, or practice, were both carried out in such a manner as to warrant an award of punitive damages.

WHEREFORE, plaintiffs demand judgment against the City for  for compensatory damages and punitive damages in an amount to be determined by the jury, plus interest and costs.

## Count IV
## Claims Against Fictitious Parties

34.    This paragraph is deleted to remove allegations relating to fictitious parties.

35.    This paragraph is deleted to remove allegations relating to fictitious parties.

36.    This paragraph is deleted to remove allegations relating to fictitious parties.

37.    This paragraph is deleted to remove allegations relating to fictitious parties.

38.    This paragraph is deleted to remove allegations relating to fictitious parties.

39.    This paragraph is deleted to remove allegations relating to fictitious parties.

40.     This paragraph is deleted to remove allegations relating to fictitious parties, subject to the substitution of Robertson for Fictitious Party Defendant No. 6.

The ad damnum clause of this count is deleted.  Plaintiffs delete this entire count, subject to the substitution of Robertson for Fictitious Party Defendant No. 6.


JOHN E. MCCULLEY


/s/ John E. McCulley
Attorney for Plaintiffs (ASB-1374-U76J)
601 Greensboro Avenue, Suite 200
Tuscaloosa, AL 35401
(205) 345-6773
johnemcculley@gmail.com


## JURY DEMAND

Plaintiffs request a jury trial on all issues in this case.


/s/ John E. McCulley

## CERTIFICATE OF SERVICE

I certify that I served this document on May 15, 2019, in accordance with the Federal Rules of Civil Procedure, by filing it using the CM/ECF system, which will send copies to the following attorneys of record:

> James W. Porter
> Porter, Porter & Hassinger, P.C.
> 880 Montclair Road, Suite 175
> Birmingham, AL 35213

> R. Warren Kinney
> Porter, Porter & Hassinger, P.C.
> 880 Montclair Road, Suite 175
> Birmingham, AL 35213

There are no parties who should be served by other means.

/s/ John E. McCulley