IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

SYLVIA RAY, AS PERSONAL )
REPRESENTATIVE OF THE )
ESTATE OF PAIGE MITCHELL, )
DECEASED, et al., )
 )
    Plaintiffs, )
 )  Case No.: 19-0069-KD-MU
v. )
 )
ESTATE OF BRADLEY ELLIOTT )
GRAY, et al., )
 )
    Defendants. )

## ANSWER OF DEFENDANT KEN ROBERTSON

Defendant Ken Robertson answers the revised First Amended Complaint as follows:

1. Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

2. Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

3. Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

4. Admitted.

5. Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

6. Admitted.

7. Since this paragraph was deleted, no response is required of this Defendant. To the extent any response is required, this paragraph is denied.

8. Since this paragraph was deleted, no response is required of this Defendant. To the extent any response is required, this paragraph is denied.

9. Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

10. Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

11. Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

12. Defendant admits that the referenced statutes set out certain provisions related to firearms; however, Defendant denies that any of those provisions relate to any alleged acts or omissions of this Defendant. In addition, any allegation of this paragraph not specifically admitted herein is hereby denied.

13. Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

14. (a)-(e) Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

15. Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

16. Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

17. Denied.

18. Denied.

19. (a)-(e) Denied.

20. Denied.

21. Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

### AS TO COUNT I
### (Wrongful Death of Paige Mitchell)

22. Defendant adopts his prior responses.

23. Admitted.

24. Denied.

### AS TO COUNT II
### (Wrongful Death of Kaci Mitchell)

25. Defendant adopts his prior responses.

26. Admitted.

27. Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

28. Denied.

### AS TO COUNT III
### (Liability Under 42 U.S.C. §1983)

29. Defendant adopts his prior responses.

30. Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

31. Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

32. Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

33. Denied.

## AS TO COUNT IV
### (Claims Against Fictitious Parties)

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

Defendant denies the request for relief in any ad damnum clause.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against this Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendant asserts the defense of qualified immunity.

## THIRD AFFIRMATIVE DEFENSE

Defendant asserts the defense of state-agent immunity.

## FOURTH AFFIRMATIVE DEFENSE

Defendant asserts the defense of discretionary-function immunity.

## FIFTH AFFIRMATIVE DEFENSE

Defendant asserts the defense of law enforcement immunity pursuant to *Alabama Code* §6-5-338.

## SIXTH AFFIRMATIVE DEFENSE

Defendant asserts the defense of substantive immunity.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant asserts the defense of sovereign immunity.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant asserts the doctrine of intervening or superseding cause to the extent that acts of individuals known and unknown or conditions known or unknown may constitute acts or conditions of an independent character which this Defendant had no duty or ability to control, thereby constituting an independent cause resulting in injury or death to Plaintiff's decedents.

**NINTH AFFIRMATIVE DEFENSE**

The Defendant asserts that the sole proximate cause of Plaintiff's decedents' deaths are events, conditions, physiology and reactions which could not have been reasonably anticipated in the exercise of reasonable care applicable to this Defendant, and as such, this Defendant can have no liability whatsoever for the claims asserted in the Complaint, as last amended.

**TENTH AFFIRMATIVE DEFENSE**

Defendant claims the protection of all applicable statutory caps on damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant claims the benefit of all statutes and the common law conferring immunity or protection to governmental entities or their employees.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff lacks standing, authority, and/or the requisite legal capacity or legal existence to maintain the present lawsuit and each and every claim and/or cause of action asserted therein.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendant asserts the defense of privilege.

## FOURTHEENTH AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiffs' claims are due to be dismissed based on the failure to comply with the applicable statute of non-claims.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiffs' claims are barred based on the applicable statutes of limitation.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant asserts the protections and benefits of *Alabama Codes* §§11-47-190 and 11-93-2 (1975).

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of waiver, estoppel, res judicata, collateral estoppel, judicial estoppel, ratification, consent and acquiescence.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Any award of punitive damage in this case would be unconstitutional in that it would violate both state and federal constitutional provisions.

## NINETEENTH AFFIRMATIVE DEFENSE

The imposition of punitive damages, without sufficient guidelines as to the proper circumstances for such an award or for the amount of such an award, would violate the due process guarantees of the federal and state constitutions.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages violates the Fifth and Fourteenth Amendments of the United States Constitution on the following grounds:

(a) It is a violation of the due process and equal protection clauses of the Fourteenth Amendment to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing which infringes the due process and equal protection clauses;

(c) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award which thereby violates the due process clause;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of an award of punitive damages which thereby violates the due process clause;

(e) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and therefore violate the equal protections clause;

(f) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine or penalty for the same or similar conduct which thereby infringes the due process clause and the equal protection clause;

(g) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague; and,

(h) The award of punitive damages in this action would constitute a deprivation of property without due process of law as required by the Fifth and Fourteenth Amendments to the United States Constitution.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs claim for punitive damages violates the due process provisions of the Constitution of Alabama on the following grounds:

(a) It is a violation of the due process clause to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award;

(c) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of such an award;

(e) The award of punitive damages in this case would constitute a deprivation of property without due process of law;

(f) The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing;

(g) The procedures pursuant to which punitive damages are awarded may result in the imposition of different penalties for the same or similar acts; and

(h) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine or penalty for the same or similar conduct.

### **TWENTY-SECOND AFFIRMATIVE DEFENSE**

Defendant asserts that Plaintiffs' claims against this Defendant are barred because this Defendant cannot be liable for the criminal acts of a third party.

### **TWENTY-THIRD AFFIRMATIVE DEFENSE**

Defendant asserts that Plaintiffs' claims are barred based on the community caretaker doctrine.

### **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Defendant asserts that Plaintiffs cannot maintain any claim or cause of action based on the statutes referenced in the Complaint.

### **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Defendant asserts that he cannot have any liability in this case because any such claim would be in violation of the anti-commandeering doctrine under the Tenth Amendment.

### **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Defendant asserts the lack of proximate cause and lack of any causal connection.

### **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Defendant asserts that he acted at all times reasonably and in good faith.

### **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because any claims based on the statutes referenced in the Complaint would be in violation of the Second Amendment.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiff's claims are due to be dismissed because the statutes referenced in the Complaint do not give rise to a civil claim or cause of action.

## THIRTIETH AFFIRMATIVE DEFENSE

Defendant pleads all other affirmative defenses in bar or abatement of the claims asserted against him in the Complaint, as last amended.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendant reserves the right to plead additional affirmative defenses as may be ascertained through the course of discovery in this case.

*/s/Thomas O. Gaillard III*
THOMAS O. GAILLARD III (GAILT9459)
*Attorney for Defendant Ken Robertson*

**OF COUNSEL:**
HELMSING, LEACH, HERLONG,
   NEWMAN & ROUSE, P.C.
Post Office Box 2767
Mobile, AL 36652
(251) 432-5521 Telephone
(251) 432-0633 Facsimile
E-Mail: tog@helmsinglaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of September 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

John E. McCulley, Esquire (*johnemcculley@gmail.com*)
John E. McCulley, P.C.
601 Greensboro Avenue, Suite 200
Tuscaloosa, AL 35401

Michael S. Burrough (*Mike@MichaelBurroughs.com*)
Post Office Box 1908
Tuscaloosa, AL 35403

James W. Porter, Esquire (*jwporterii@pphlaw.net*)
R. Warren Kinney, Esquire (*wkinney@pphlaw.net*)
Porter, Porter & Hassinger, P.C.
880 Montclair Road, Suite 175
Birmingham, AL 35213

*/s/ Thomas O. Gaillard III*
OF COUNSEL

4844-1302-4676, v. 1